UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PEGASYSTEMS INC., ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | |
| JAY CHAD BULLARD, ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT

1.      The plaintiff Pegasystems Inc. ("Pegasystems") brings this action to recover the outstanding principal balance of $79,545.02, plus all other amounts owed, pursuant to fifteen promissory notes executed by the defendant Jay Chad Bullard ("Bullard") between December 21, 2010 and June 4, 2013 (collectively, the "Notes"). Each of the Notes was executed by Bullard during Bullard's employment with Pegasystems and each of the Notes provided that the entire outstanding balance was due and payable in full within thirty (30) days following the date on which Bullard's employment terminates.  Bullard voluntarily terminated his employment with Pegasystems on September 12, 2014.  Payment on the Notes is past due and each of the Notes is now in default.  Interest is accruing on the Notes at the rate of 4.25%, and costs and attorney's fees are also now due based on Bullard's default.

### PARTIES

2.      The plaintiff Pegasystems is a Massachusetts corporation whose principal place of business is One Rogers Street, Cambridge, Massachusetts 02142.  Pegasystems is a citizen of Massachusetts.

3.      The defendant Bullard is an individual whose last known address is 36939 Anglers Way, Pinehurst, Texas 77362.  Bullard is a former employee of Pegasystems.  As an employee of Pegasystems, Bullard attended employment events in Massachusetts and regularly communicated with the office and its personnel in Massachusetts.  Bullard is not a citizen of Massachusetts.

## JURISDICTION AND VENUE

4.      Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §1332 (diversity of citizenship).  Venue within this District is proper under 28 U.S.C. §1391.

## FACTS

5.      On or before September 12, 2014, Bullard was an employee of Pegasystems.

6.      Pegasystems is the leading provider of business process management (BPM) and customer relationship management (CRM) software solutions.

7.      Bullard worked as an account executive and sales director for Pegasystems.

8.      Periodically, Bullard would request loans from Pegasystems to allow Bullard to pay his expenses before he received anticipated commissions from sales.

9.      In response to many of Bullard's requests, Pegasystems agreed to advance Bullard the monies provided that Bullard agreed to repay the amounts and executed promissory notes to repay the advances.

10.      Bullard executed and delivered the following fifteen Notes to Pegasystems:

a.          A Promissory Note dated December 21, 2010, in the face

amount of $10,000, a true and accurate copy of which is attached

hereto as <u>Exhibit A</u>;

b.          A Promissory Note dated July 1, 2011, in the face amount

of $20,000, a true and accurate copy of which is attached hereto as

<u>Exhibit B</u>;

c.          A Promissory Note dated August 16, 2011, in the face

amount of $10,000, a true and accurate copy of which is attached

hereto as <u>Exhibit C</u>;

d.          A Promissory Note dated September 13, 2011, in the face

amount of $10,000, a true and accurate copy of which is attached

hereto as <u>Exhibit D</u>;

e.          A Promissory Note dated November 2, 2011, in the face

amount of $10,000, a true and accurate copy of which is attached

hereto as <u>Exhibit E</u>;

f.          A Promissory Note dated November 21, 2011, in the face

amount of $10,000, a true and accurate copy of which is attached

hereto as <u>Exhibit F</u>;

g.          A Promissory Note dated January 20, 2012, in the face

amount of $5,000, a true and accurate copy of which is attached hereto

as <u>Exhibit G</u>;

h.        A Promissory Note dated March 12, 2012, in the face amount of $5,000, a true and accurate copy of which is attached hereto as <u>Exhibit H</u>;

i.        A Promissory Note dated June 11, 2012, in the face amount of $5,000, a true and accurate copy of which is attached hereto as <u>Exhibit I</u> (Pegasystems only has the word version of this note, pursuant to which Pegasystems loaned the monies to Bullard at his request);

j.        A Promissory Note dated July 20, 2012, in the face amount of $5,000, a true and accurate copy of which is attached hereto as <u>Exhibit J</u>;

k.        A Promissory Note dated September 19, 2012, in the face amount of $5,000, a true and accurate copy of which is attached hereto as <u>Exhibit K</u>;

l.        A Promissory Note dated November 12, 2012, in the face amount of $5,000, a true and accurate copy of which is attached hereto as <u>Exhibit L</u>;

m.        A Promissory Note dated April 5, 2013, in the face amount of $5,000, a true and accurate copy of which is attached hereto as <u>Exhibit M</u>;

n.        A Promissory Note dated April 23, 2013, in the face amount of $5,000, a true and accurate copy of which is attached hereto as <u>Exhibit N</u>; and

o.        A Promissory Note dated June 4, 2013, in the face amount

of $5,000, a true and accurate copy of which is attached hereto as

Exhibit O;

11.    At Bullard's request, and based on his agreement to repay the amounts requested, Pegasystems advanced the principal sum of each of the Notes to Bullard as referenced in the Notes.

12.    Each of the Notes provides that interest shall accrue on the outstanding principal balance at the rate of 4.25%.

13.    Each of the Notes also provides that, "should [Bullard] cease to be employed by [Pegasystems] for any reason prior to repayment in full of the Principal Amount and Accrued Interest. . . [Bullard] shall repay the remaining Principal Amount and Accrued Interest within thirty (30) days following the date on which [Bullard]'s employment with [Pegasystems] terminates."  Exhibits A-O.

14.    Each of the Notes also provides that, "if suit is brought to collect any indebtedness evidenced by th[e] Note, [Pegasystems] shall be entitled to collect all costs and expenses of suit, including, but not limited to, reasonable attorneys fees."  Exhibits A-O.

15.    On or before September 12, 2014, Bullard notified Pegasystems that he intended to resign.  After Bullard notified Pegasystems of his intent to resign, Pegasystems informed Bullard that the Notes would be due within thirty (30) days of his termination date.  Bullard asked Pegasystems to delay the acceleration of Notes and to allow Bullard to enter into a repayment plan, rather than requiring Bullard to repay all amounts within thirty (30) days of his employment end as set forth in the Notes.  To

accommodate Bullard's request, Pegasystems drafted a repayment plan for Bullard. By e-mail dated September 16, 2014, Pegasystems sent a final payment agreement to Bullard. Despite follow-up e-mails from Pegasystems to Bullard dated September 19, 2014 and September 30, 2014, Bullard never returned the signed agreement or responded with an explanation for rejecting the repayment plan.

16.     Bullard voluntarily terminated his employment with Pegasystems on September 12, 2014.

17.     More than thirty (30) days has passed since Bullard ceased to be employed by Pegasystems and Bullard has failed to repay the Notes.

18.     Pegasystems has maintained on its books, records of each of the Notes, including the dates the monies were delivered to Bullard, any repayments made by Bullard; and the interest that has accrued at the rate of 4.25% on the outstanding principal balance for each of the Notes.

19.     Based on the books and records of Pegasystems, the outstanding principal balance of the Notes as of October 31, 2014, was $79,545.02. The balance includes two commissions that were due to Bullard in late September and late October and which were applied by Pegasystems to the Note balances after Bullard ceased to be employed by Pegasystems.

20.     Based on the books and records of Pegasystems, the outstanding accrued interest on the Notes at the rate of 4.25% as of October 31, 2014, was $12,686.57. Therefore, the total amount due as of October 31, 2014, was $92,231.59.

21.     Bullard made no direct payments on the Notes since September 15, 2014. As noted above, however, commissions were withheld by Pegasystems for the months of September and October 2014 and applied to the loan balance of the Notes.

22.     Interest continues to accrue on the outstanding principal balance of the Notes in the approximate per diem amount of $9.26.

23.     Payments on each of the Notes is past due.

24.     All conditions precedent for Bullard to repay the Notes have occurred or been performed.

25.     Pegasystems is not aware of any meritorious defenses to its claim to collect in full the outstanding balance of the Notes.

COUNT I
(Breach of Contract)

26.     Pegasystems restates and incorporates by reference, as if fully set forth herein, the allegations contained in paragraphs 1 through 25.

27.     By virtue of Bullard's failure to repay the Notes within thirty (30) days of when he ceased to be employed by Pegasystems, and other conduct, Bullard has breached his obligations under the Notes.

28.     By virtue of Bullard's breaches of his obligations under the Notes, and other conduct, Bullard is liable to Pegasystems for its damages, including repayment of all amounts described above, plus interest, costs and attorneys' fees, and all other amounts allowed by law, in equity or pursuant to the agreements between the parties.

COUNT II
(Breach of Implied Covenant of Good Faith and Fair Dealing)

29.     Pegasystems restates and incorporates by reference, as if fully set forth

7

herein, the allegations contained in paragraphs 1 through 28.

30.     The Notes contain an implied covenant of good faith and fair dealing that neither party would do anything that would deprive the other of the benefits of the agreement(s).

31.     By refusing to repay the Notes as required by the express language of the Notes, and other conduct, including forcing Pegasystems to file this suit to collect the balance of the Notes, Bullard knowingly and intentionally deprived Pegasystems of its right to receive the fruits of the agreements and other terms of the business arrangement between Pegasystems and Bullard.

32.     The failure and refusal of Bullard to pay Pegasystems the amounts owed under the Notes, and other conduct described herein, constitute a breach of the implied covenant of good faith and fair dealing.

33.     By virtue of his breach of the implied covenant of good faith and fair dealing, Bullard is liable to Pegasystems for its damages, including all amounts described above, plus interest, costs and attorneys' fees, and all other amounts allowed by law, in equity or pursuant to the agreements between the parties.

WHEREFORE, Pegasystems requests that this Court:

(A)     Enter judgment for Pegasystems on Count I and Count II against Bullard for the full amount owed under the notes, including principal, accrued interest, costs and attorneys' fees, and all other amounts allowed by law, in equity or pursuant to the agreements between the parties; and

(B)     Grant such other and further relief as this Court deems just and proper.

PEGASYSTEMS INC.,

By its attorneys,

_____/s/ David C. Aisenberg_____
David C. Aisenberg, BBO#545895
Looney Cohen & Aisenberg LLP
33 Broad Street, 6th Floor
Boston, MA 02109
(617) 371-1050
daisenberg@lca-llp.com

VERIFICATION

I, Leon Trefler, Senior Vice President, Global Customer Success, Pegasystems Inc., hereby attest that I have read and understood the within Verified Complaint and that the allegations contained therein are true and accurate to the best of my personal knowledge and belief.

Signed under the pains and penalties of perjury, this ⟨6th⟩ day of November 2014.

Leon Trefler,
Senior Vice President
Global Customer Success
Pegasystems Inc.
One Rogers Street,
Cambridge, MA 02142